Henry D. Catlett, on May 21, 1935, applied in writing to the American Bonding Company of Baltimore, Maryland, for a bond of $2,500 in connection with his appointment as dative testamentary executor of the succession of his deceased wife, Emma Kathleen Catlett.
The application contained, among others, the following recitals:
"The undersigned does or do hereby represent that the statements made herein as an inducement to the American Bonding Company of Baltimore (hereinafter called Company) to execute the bond applied for herein are true, and, should the Company execute said bond does or do hereby agree as follows: First, to pay to the Company on the 21st day of May, 1935, the sum of Twenty-Two 50/100 Dollars ($22.50) as the premium on the said bond for the first year or fractional part thereof, and the *Page 51 
sum of Eighteen No/100 Dollars ($18.00) annually in advance thereafter as long as liability under said bond shall continue and until evidence satisfactory to the Company of the termination of such liability shall be furnished to it at its Home Office in the City of Baltimore; Second, to indemnify the Company against all loss, liability, costs, damages, attorneys' fees and expenses whatever, which the Company may sustain or incur by reason of executing said bond, in making any investigation on account thereof, in prosecuting or defending any action which may be brought in connection therewith, in obtaining a release therefrom, and in enforcing any of the agreements herein contained. * * *"
The bond was issued as requested, it bearing the above mentioned date.
On December 2, 1941, the American Bonding Company of Baltimore, Maryland, instituted this suit praying for judgment against Catlett in the sum of $251 and the further sum of $15.78.
After alleging the signing of the application by defendant and its issuance of the bond, photostatic copies of which instruments being attached to the petition, plaintiff made the following averments:
"Your petitioner avers that on February 8, 1937, Mulhearn Funeral Home, Inc., a creditor of the Succession of Mrs. Emma K. Catlett, filed a rule in said Succession proceeding against Henry D. Catlett, the Dative Testamentary Executor, and your petitioner as surety upon the said Executor's bond, whereby the said executor and your petitioner as his surety were required to show cause on the 17th day of February, 1937, why the said executor should not file a true statement of account of his administration, why he should not produce his Bank book, if he had one, of the amount of funds deposited by him, and upon his failure to do so, why he should not be dismissed from office and condemned to pay the statutory penalty upon any sums for which he might have been responsible, all of which will more fully appear by reference to said proceeding as filed on the docket of this Honorable Court.
"Your petitioner avers that when it was served with a certified copy of the petition filed by Mulhearn Funeral Home requiring it to appear in said proceeding, it was necessary that it employ attorneys to look into the suit and take such steps as were necessary to protect the interest of your petitioner.
"Your petitioner employed the law firm of Hudson, Potts, Bernstein Snellings to handle its interest in said suit and take whatever steps as were necessary to protect the interest of your petitioner therein.
"Your petitioner avers that in due course the said Henry D. Catlett did file his final account, which account was opposed by various parties and it was necessary that petitioner's attorneys, Messrs. Hudson, Potts, Bernstein Snellings, confer and consult with the said Catlett and his attorneys during the preparation for the trial of said opposition and the two-day trial of the oppositions themselves.
"Your petitioner avers that finally the case was concluded and the succession closed with the only loss suffered by your petitioner being the expense of employing attorneys to appear for petitioner and represent it in said proceeding.
"Your petitioner avers that its said attorneys charged your petitioner the sum of $251.00 for services rendered in their behalf as will be seen by photostatic copy of the bill of said attorneys dated April 7, 1938, which is attached hereto and made a part hereof, the original of which will be produced on trial hereof, and that on April 19, 1938, your petitioner by its Draft No. 27327 paid its said attorneys the full amount of their bill as will appear by photostatic copy of said draft which is attached hereto and made a part hereof, the original of which draft will be produced on trial hereof.
"Your petitioner avers that in accordance with the provisions of the application signed by Henry D. Catlett requesting the issuance of said bond, your petitioner is entitled to reimbursement for the full amount of $251.00 which it paid its said attorneys."
Another pertinent allegation of the petition is:
"Your petitioner avers that between the dates of May 21, 1937, the date upon which the last premium upon said bond was paid by the said Henry D. Catlett, to April 6, 1938, the day upon which said bond was cancelled the said bond earned a premium of $15.78 which said premium is past due and owing at this time, all of which will appear by a statement of said premium due which is attached hereto and made a part hereof."
Personal service of citation was made on defendant in due course, but he failed to *Page 52 
file answer. On confirmation of default, following the required delays, the district court condemned him to pay to plaintiff the amounts for which it prayed, the signed formal judgment reciting in part:
"This cause having been duly filed and served, and a default having been legally entered therein, and more than two clear judicial days having elapsed without said default having been set aside by the defendant appearing and filing an answer or other appearance and plaintiff having proven its demands in open court, the law and evidence being in favor thereof."
Following the overruling of his motion for a new trial, defendant appealed.
The contentions of appellant in this court are shown in the following extract taken from the brief of his counsel:
"All in all, we submit there is no obligation due the plaintiff herein from any source. In the first place, there never existed any obligation, and in the second place, if any obligation existed, it was an obligation of the estate, and not of the Executor, and in the third place, if any obligation existed as to either, no proof has been made of same."
The allegations of fact of the petition, together with the annexed photostatic copies, disclose the existence of a valid and binding contractual obligation of defendant to plaintiff. According to them, he applied in writing for the bond, offering certain named considerations for its issuance. His application was accepted by plaintiff and the bond issued, thus effectuating a contract between the parties that must be enforced as written inasmuch as its terms and conditions are not in violation of law, public policy or good morals.
Among other things, defendant himself agreed in the application to pay the premiums of the bond as long as plaintiff's liability continued and to indemnify the company against attorneys' fees and expenses incurred in defense of any action brought against it by reason of the bond's execution. Defendant, as shown by the petition's averments, did not pay an earned premium of $15.78; neither did he reimburse plaintiff the sum of $251 for attorneys' fees and costs which it was required to expend in defending a court proceeding brought by the Mulhearn Funeral Home, Inc., against both the executor, Catlett, and his surety, this plaintiff.
On confirmation of the default plaintiff introduced and filed in evidence the original application bearing defendant's signature, a copy of the bond duly certified by a deputy clerk of the court in which the succession proceedings were pending, and a cancelled check for $251, along with a receipt, showing payment of fees and costs by plaintiff to its attorneys. There is no transcript of testimony in the record; but, in view of the judgment's recital that plaintiff proved its demands in open court, it will be presumed that sufficient testimony, admissible under the petition, was offered to further substantiate the claim that defendant failed to fulfill his obligation.
We find no error in the judgment appealed from; and, therefore, it is affirmed.